Natalie C. Scott, OSB #024510
nscott@scott-law-group.com
Loren S. Scott, OSB #024502
lscott@scott-law-group.com
SCOTT LAW GROUP
PO Box 70422
Springfield, OR 97475
Telephone: (541) 868-8005
Facsimile: (541) 868-8004
Of Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>David Paul Williams,<br><br>                      Debtor.<br><br>**David Schaezler**, an individual,<br><br>                      Plaintiff,<br>   v.<br><br>**David Paul Williams**, an individual,<br><br>                      Defendant. | Case No. 22-60031-tmr7<br><br><br>Adv. Proc. No. 22-06009-tmr<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Comes now Defendant David Paul Williams ("Defendant"), by and through the undersigned, and answers Plaintiff's First Amended Complaint (**Doc. No. 14**) ("the Complaint") as follows:

1.

Plaintiff's LBR 7008-1 Statement in the Complaint is not an allegation Defendant is required to admit or deny. **LBR 7012-1 Statement:** Defendant consents to entry of final order or judgment on all claims and counterclaims in this matter by the bankruptcy court.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT

Page **1** of **12**



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Case 22-06009-tmr    Doc 15    Filed 06/30/22

2.

Defendant admits the allegations in paragraph 2 of the Complaint.

3.

Defendant denies the allegations in paragraphs 3 and 4 of the Complaint.

4.

Regarding paragraph 5 of the Complaint, Defendant admits the last sentence that he was TreeNada's sole director and officer when TreeNada was first organized. Defendant also admits that Plaintiff invested in TreeNada in July 2020 and that Plaintiff became a shareholder in TreeNada. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, including the exact date of Plaintiff's investment and the percentages of ownership in the company of himself and Plaintiff, and therefore denies those allegations.

5.

Defendant admits the allegations in paragraph 6 of the Complaint.

6.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 7 and 8 of the Complaint regarding how much Plaintiff worked, what Plaintiff was paid, and how much Plaintiff invested in TreeNada, and therefore denies those allegations. Defendant admits that TreeNada needed additional monies and adds that, with Plaintiff's knowledge and support, Defendant expended substantial efforts looking for additional investors and customers during 2020 and 2021.

7.

Defendant denies the allegations in paragraph 9 of the Complaint.



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

8.

Regarding paragraph 10 of the Complaint, Defendant admits he informed Plaintiff about a potential job for Celeste McEntee that the parties sometimes referred to as the "5th Street" or "Newport" project. Defendant denies each and every remaining allegation in paragraph 10 of the Complaint.

9.

Regarding paragraph 11, Defendant admits he prepared a bid for Ms. McEntee for $93,392.13 on paper marked "TreeNada" dated August 11, 2020 and which Ms. McEntee signed. Defendant admits that Celeste McEntee is a plaintiff in a separately filed adversary proceeding (Adversary Proceeding No. 22-6008-tmr). Defendant denies that the estimate was prepared as "Treenada Construction" and denies each and every remaining allegation of paragraph 11.

10.

Regarding the allegations in paragraph 12 of the Complaint, Defendant admits the first sentence of paragraph 12 and denies the second sentence. With regard to the last sentence, the estimate document speaks for itself and/or the allegations therein reflect a legal conclusion which Defendant is not required to admit or deny. Defendant denies that TreeNada did not receive funds, in addition to the $2,000 deposit, from whom Plaintiff refers to as "the Newport project customer."

11.

Regarding the allegations in paragraph 13 of the Complaint, Defendant admits that he agreed to serve as general contractor for the Newport project through the construction company TreeNada Construction, which became a "dba" of TreeNada. Defendant admits that, with Plaintiff's knowledge, he obtained an ownership interest in Project Edge Home Improvement ("PEHI"), which originally registered the "dba" TreeNada Construction because Plaintiff and

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S
AMENDED COMPLAINT

Page 3 of 12

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Case 22-06009-tmr    Doc 15    Filed 06/30/22

Defendant wished to have PEHI handle the installation of panels built by TreeNada. Defendant denies each and every remaining allegation in paragraph 13.

12.

Defendant denies the allegations in paragraphs 14 and 15 of the Complaint.

13.

Defendant admits that TreeNada expended time and money on the Newport project. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

14.

Regarding paragraph 17 of the Complaint, Defendant admits that Future Advantage LLC invested and became a shareholder in TreeNada. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

15.

Regarding the allegations in paragraph 18 of the Complaint, Defendant admits that he filed paperwork to transfer the assumed business name "Treenada Construction" to TreeNada. Defendant denies the remaining allegations of paragraph 18 and adds that Defendant took this action with Plaintiff's full knowledge and consent in October 2020.

16.

Defendant denies the allegations in paragraph 19 of the Complaint. Defendant adds that Defendant, with Plaintiff's knowledge and consent, paid funds received by TreeNada Construction, which was at that time, a "dba" of TreeNada, for the Newport project. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding date and specific amounts and therefore denies those allegations.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT

Page 4 of 12

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Case 22-06009-tmr    Doc 15    Filed 06/30/22

17.

Regarding the allegations in paragraph 20 of the Complaint, Defendant admits he communicated with Celeste McEntee and otherwise denies the allegations in paragraph 20. Defendant adds that he talked regularly with Plaintiff about the Newport project and about problems the project was encountering for weeks and months leading up to August 2021.

18.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and therefore denies those allegations.

19.

Defendant denies the allegations in paragraph 22 of the Complaint.

20.

Regarding the allegations in paragraph 23, Defendant admits that Plaintiff approached him about fixing the issues with the Newport project and suggested Defendant should step away as an officer due to revived interest in Defendant's past mistake of using funds of one non-profit for work done by another non-profit. Defendant denies that Plaintiff told him he had made "misrepresentations" regarding the Newport project and denies each and every remaining allegation of paragraph 23.

21.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies those allegations. Defendant adds that he was not informed of the meeting and that Plaintiff then emailed to inform him that he had been removed as an officer of TreeNada.

/ / / /

/ / / /

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S
AMENDED COMPLAINT

Page **5** of **12**

Case 22-06009-tmr    Doc 15    Filed 06/30/22



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

22.

Regarding the allegations in paragraph 25 of the Complaint, Defendant denies the first sentence of paragraph 25. Defendant admits that TreeNada ceased operations, lost assets, and that TreeNada, Defendant, and Plaintiff were named as defendants in various lawsuits. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of paragraph 25 of the Complaint and therefore denies those allegations.

23.

Defendant denies the allegations in paragraph 26 of the Complaint.

24.

Regarding paragraphs 27, 32, 35, 37, 42 and 60, which reallege previously set forth paragraphs, Defendant admits and denies those paragraphs as set forth herein in response to the specifically referenced paragraphs.

25.

The allegations in paragraph 28 are legal conclusions, which Defendant is not required to admit or deny.

26.

Defendant denies the allegations in paragraphs 29, 30 and 31 of the Complaint and denies that Plaintiff is entitled to any relief on his First Claim for Relief.

27.

Defendant denies the allegations in paragraphs 33 and 34 of the Complaint and denies that Plaintiff is entitled to any relief on his Second Claim for Relief.

/ / / /

/ / / /



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

28.

Defendant denies the allegations in paragraph 36 of the Complaint and denies that Plaintiff is entitled to any relief on his Third Claim for Relief.

29.

Defendant denies the allegations in paragraphs 38, 39, 40 and 41 of the Complaint and denies that Plaintiff is entitled to any relief on his Fourth Claim for Relief.

30.

Defendant denies the allegations in paragraphs 43, 44, 45, 46, and 47 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding an unidentified "personal financial statement" to an unidentified third party and therefore also specifically denies allegations regarding a "PFS."

31.

Defendant admits the allegations of paragraph 48 and 49.

32.

Regarding the allegations in paragraphs 50 through 55, the bankruptcy documents speak for themselves. To the extent response is required, Defendant denies the allegations in those paragraphs, including the allegation that he failed to account for income in his bankruptcy paperwork.

33.

Defendant denies the allegations in paragraphs 56, 57, 58 and 59 of the Complaint and denies that Plaintiff is entitled to any relief on his Fifth Claim for Relief.

/ / / /

/ / / /

/ / / /

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT

Page **7** of **12**

SCOTT LAW GROUP LLP

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Case 22-06009-tmr    Doc 15    Filed 06/30/22

34.

Regarding paragraph 61, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding an unidentified "PFS" and therefore denies those allegations.

35.

Regarding the allegations in paragraphs 62 and 63, the bankruptcy documents speak for themselves. Defendant admits that he did not personally own ten parcels of real estate. To the extent response is required, Defendant denies each and every remaining allegation in those paragraphs.

36.

Defendant denies the allegations in paragraph 64 of the Complaint and denies that Plaintiff is entitled to any relief on his Sixth Claim for Relief.

37.

Except as specifically admitted above, Defendant denies each and every allegation of the Complaint and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### (Failure to State a Claim)

38.

Plaintiff has failed to state a claim on which relief may be granted.

### (Waiver or Estoppel)

39.

Through his own prior action or conduct, Plaintiff has waived or is estopped from enforcing his rights, if any.

/ / / /



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

**(Failure to Mitigate)**

40.

Plaintiff's damages are the result of his failure to mitigate his damages.

**(Acts of Plaintiff or Others)**

41.

Plaintiff's damages are the result of acts or omissions by himself or others over whom Defendant has no responsibility or control.

42.

Defendant reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

**GENERAL ALLEGATIONS IN SUPPORT OF COUNTERCLAIM**

43.

Defendant advertised for a financial officer to handle the financial and business side of the TreeNada business. Plaintiff responded to the advertisement and suggested that Defendant allow Plaintiff to invest in and become a shareholder in the TreeNada business, in addition to managing its finances.

44.

Defendant fully disclosed his past financial problems to Plaintiff, including his mistake in handling funds of non-profit organizations with which he worked and his agreement to repay over $600,000 to the University Fellowship Church.

45.

During the period of running the business from roughly August 2020 to August 2021, Plaintiff and Defendant frequently communicated and had meetings, usually weekly, to discuss projects and business. Defendant kept Plaintiff well informed of the Newport project. He



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

frequently inquired as to why Plaintiff had not yet sent the promised panels to the customer and was always provided a new explanation and reason for further delay.

46.

During this time period, Plaintiff brought on other persons and expanded the business dramatically, first expanding from a small facility to a 12,000 square foot warehouse and then to an 18,000 square foot warehouse in less than a year. Defendant did not monitor the expenses closely or review the finances of TreeNada. Defendant spent most of his time travelling to look for additional investments and customers. Plaintiff oversaw the warehouse where the TreeNada panels were to be constructed. Defendant rarely visited the facility and relied on Plaintiff for information and updates.

47.

TreeNada did not have a construction license. Defendant initially intended to partner with PEHI, which had a license, to install the panels that TreeNada would construct. Plaintiff was aware of this relationship and agreed that Defendant should be a part-owner in PEHI to facilitate the relationship. The arrangement ultimately did not work out. In October 2020, PEHI terminated the "TreeNada Construction" assumed business name and Defendant registered the name to TreeNada. TreeNada Construction obtained a contracting license.

48.

Defendant kept open the separate bank account that had been set up with PEHI for TreeNada Construction. It was at the same bank at which TreeNada had an account. At all times, Plaintiff had access to that account and was aware that monies received on the Newport project were deposited into the TreeNada Construction account.

/ / / /

/ / / /

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT

Page **10** of 12

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Case 22-06009-tmr    Doc 15    Filed 06/30/22

49.

Defendant requested financial information from Plaintiff many times. Plaintiff did not provide the requested information and, among other failings, did not prepare tax returns for the business.

50.

The delay in the Newport project was due largely to Plaintiff's failure to produce the promised panels to allow construction to move forward. The Newport project customer expanded the original scope of the project from providing panels to being a general contractor. TreeNada Construction provided substantial services in site preparation and paid sub-contractors over the course of many months. Ultimately, the delay in the panels caused the project to stall.

51.

Defendant suggested that TreeNada and TreeNada Construction build out lots owned by another business in which he was involved. Instead, Plaintiff kicked Defendant out of his company after having placed Plaintiff's own colleagues and friends in positions of power within TreeNada, including relegating Defendant to a minority ownership interest in his own business.

52.

To date, Plaintiff has failed and refused to account to Defendant for TreeNada financial and business dealings, to provide information to enable preparation of tax returns (including status of his own investment into TreeNada), and has misrepresented and lied about Defendant, including in printed statements, to customers and others.

53.

Defendant's Schedule A/B list claims against Plaintiff for "corporate oppression, libel, slander, misrepresentation, etc." at Item #33.

////

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S
AMENDED COMPLAINT

Page **11** of 12

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

SCOTT LAW GROUP LLP

Case 22-06009-tmr    Doc 15    Filed 06/30/22

## FIRST COUNTERCLAIM
### (Objection to Plaintiff's Proof of Claim)

54.

Defendant realleges paragraphs 1 through 53 above.

55.

Defendant objects to Plaintiff's proof of claim. Although currently filed for $0.00, Plaintiff seeks money judgment in this case for over $900,000. Defendant requests Plaintiff's claim be disallowed and no distribution made to Plaintiff from any recovery by the Chapter 7 Trustee.

56.

**Reservation of Rights Regarding Counter-claims:** The counter-claims are currently owned by the Chapter 7 Trustee and have not been abandoned. Defendant reserves the right to bring those claims in this forum should the Trustee abandon or assign those rights to Defendant in connection with her administration of the bankruptcy estate.

WHEREFORE, Defendant prays for relief as follows:

A. For an order dismissing Plaintiff's Complaint with prejudice;

B. On Defendant's First Claim, an order disallowing Plaintiff's claim in full;

C. For Defendant's reasonable attorney's fees incurred herein;

D. For Defendant's costs and disbursements;

E. For such other and further relief as this Court deems equitable and just.

DATED this 30th day of June, 2022.

THE SCOTT LAW GROUP

By: /s/ Natalie C. Scott
    Natalie C. Scott, OSB #024510
    Of Attorneys for Defendant



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2022, the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT** was served on the following:

☐ Via First Class Mail to: N/A

☐ Via Facsimile to: N/A

☒ **Via ECF Notification to:**

    NICHOLAS J HENDERSON      nhenderson@portlaw.com,
    tcoble@portlaw.com; tsexton@portlaw.com;
    shalstead@portlaw.com;
    hendersonnr86571@notify.bestcase.com

    NATALIE C SCOTT      ecf@scott-law-group.com

☐ Via E-mail to: N/A

DATED: June 30, 2022

    /s/ Natalie C. Scott
    Natalie C. Scott, OSB# 024510

**CERTIFICATE OF SERVICE**      Page 1 of 1



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Case 22-06009-tmr     Doc 15     Filed 06/30/22